IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ESSEX INSURANCE COMPANY,** | **CIVIL NO. 1:CV-05-0364** |
| **Plaintiff** | |
| v. | |
| **CHEMICAL FORMULA, LLP, d/b/a FORMULA TECHNOLOGY, JANITORIAL SUPPLY CENTER, INC., MIRRORED LAKE FLOOR SYSTEMS, INC., and SILVERLINE, INC.,** | |
| **Defendants** | |

## MEMORANDUM AND ORDER

Before the court is Plaintiff Essex Insurance Company's motion *in limine* (Doc. 41). The motion seeks to preclude Defendants from offering evidence at trial regarding the deductible exclusion provision of an insurance policy.

The initial controversy arises under the provisions of a commercial general liability policy issued by Plaintiff to the named insured, Chemical Formula d/b/a Formula Technology (hereinafter "Formula Technology"), and its applicability to damages allegedly incurred by Defendants resulting from multiple applications of Formula Technology's product. In the instant action for declaratory judgment, Plaintiff seeks a declaration by this court that the deductible exclusion provision of the policy requires payment of a separate deductible for each person or organization alleged to have sustained damages as a result of each separate occurrence and that

each application with the subject product to each separate floor resulting in damage to the floor constitutes a separate occurrence as such term is defined by the policy.

All Defendants except Formula Technology filed an answer to the complaint. On October 13, 2005, default was entered against Formula Technology. It is Plaintiff's position that the deductible endorsement in the policy relates solely to Formula Technology and the remaining Defendants should be precluded from offering any evidence at trial regarding the applicable deductible of the policy as such issue has been conclusively resolved against Formula Technology by operation of the entry of default.

There is no dispute that Defendants have standing in this action. *Federal Kemper Ins. Co. v. Rauscher*, 807 F.2d 345 (3d Cir. 1986). However, Plaintiff argues that in their answer, Defendants admit that the policy deductible issue is directed solely to Formula Technology. Therefore, because of the entry of default against Formula Technology, Plaintiff argues, this matter is conclusively resolved in favor of Plaintiff as to Formula Technology.

The applicable paragraphs in the action for declaratory judgment state:

29.  The parties further dispute the interpretation of the "Deductible Exclusion."

30.  While Formula Technology urges an interpretation of the Policy that requires payment of a single deductible in response to all claims resulting from the application and use of Cold Fusion, the Deductible Exclusion plainly provides that the deductible applies to all damages sustained by any one person or organization as a result of one occurrence. In this case, multiple property owners have allegedly sustained damages as a result of multiple applications of Cold Fusion, i.e., multiple occurrences. Therefore, the deductible amount is due for each separate occurrence.

Defendants' responses to the paragraphs above are:

29. Insofar as the averments of this paragraph concern a policy deductible, the averments are directed solely at defendant Formula Technology; no response from these answering defendants is necessary. By way of further answer, there is no "Deductible *Exclusion*" in the Essex Policy.

30. Insofar as the averments of this paragraph concern a policy deductible, the averments are directed solely at defendant Formula Technology; no response from these answering defendants is necessary. By way of further answer, there is no "Deductible *Exclusion*" in the Essex Policy.

These responses were filed before default was entered against Formula Technology.

This court disagrees with Plaintiff's suggested limitation on Defendants. In *Federal Kemper,* the court stated that ". . . the injured party has an independent, and not a derivative, right to be heard . . . ." *Id.* at 354. The court further stated that ". . . it would be anomalous to hold that the [defendants] should not be given an opportunity to establish their case against [plaintiff] because of a default which they could not prevent." *Id.* at 355.

In *Hawkeye-Security Ins. Co. v. Schutte*, 302 F.3d 174, 177 (7th Cir. 1962), that court found that a proper party "should be heard to assert any proper defense raised by his answer to the complaint." Plaintiff seeks to preclude Defendants from making any argument on the interpretation of the deductible issue because they did not deny averments on this issue in their answer.

As noted above, because of a default they did not anticipate nor could prevent, Defendants should not be denied the opportunity to present their case on all issues. To that extent, Defendants will be allowed to amend their answers to paragraphs 29 and 30 of the action for declaratory judgment.

Plaintiff will not be prejudiced by such amendment as the deductible issue is the subject matter of the pending motion for summary judgment which has been fully briefed by the parties. To not permit the amendment would severely prejudice Defendants by preventing them from presenting their case upon the ultimate issue(s).

Accordingly, **IT IS HEREBY ORDERED THAT**:

1) Plaintiff's motion *in limine* (Doc. 41) is **DENIED**.

2) Defendants are granted leave to file an amended answer to paragraphs 29 and 30 of the action for declaratory judgment. Such amended answer shall be filed no later than April 2, 2006.

                                        s/Sylvia H. Rambo
                                        SYLVIA H. RAMBO
                                        United States District Judge

Dated:  March 29, 2006.